IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DEREK M. WILLIAMS,

    Plaintiff,

v.

DR. SCHMIDT, DR. BREEN,
DR. HAMILTON AND DR. OLBINSKI,

    Defendants.

ORDER

Case No. 14-cv-487-jdp

    Plaintiff Derek M. Williams, a prisoner in the custody of the Wisconsin Department of Corrections, has filed a proposed civil complaint. Plaintiff requests leave to proceed without prepayment of the filing fee. Because plaintiff is a prisoner, he is subject to the 1996 Prisoner Litigation Reform Act. This means that before this court may decide whether he can proceed *in forma paupers*, he will have to make an initial partial payment of the filing fee for this case. Plaintiff's initial partial payment cannot be calculated at this time because he has not submitted a certified copy of his inmate trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(2).

    Plaintiff has submitted a variety of weekly account statements from December 2013 to June 2014. These statements are insufficient to determine if plaintiff qualifies for indigency status because they are not certified and they do not cover the entire six-month period preceding the filing of plaintiff's complaint. Instead, plaintiff must submit a *certified* copy of a trust fund account statement for the *entire* six-month period immediately preceding the filing of his complaint.

For this case to proceed, plaintiff must submit the certified trust fund account statement no later than July 28, 2014. If I find that plaintiff is indigent, I will calculate an initial partial payment amount that must be paid before the court can screen the merits of the complaint under 28 U.S.C. § 1915(e)(2). Thereafter, plaintiff will be required to pay the balance of the filing fee in installments.

In addition, has filed a request to use his release account funds to pay the filing fee for this case. *(*Dkt. #3*)*. Although it is commendable that plaintiff is taking responsibility for paying his entire filing fee promptly, he cannot use his release account funds in the manner he requests. The language in 28 U.S.C. § 1915(b)(1) suggests that prison officials are required to use a prisoner's release account to satisfy an *initial partial payment* if no other funds are available. *Carter v. Bennett*, 399 F. Supp. 2d 936, 936-37 (W.D. Wis. 2005). However, with the exception of initial partial payments, federal courts lack the authority to tell state officials whether and to what extent a prisoner should be able to withdraw money from his release account. Because plaintiff cannot use his release account funds to pay the entire balance of the filing fee, his motion will be denied.

ORDER

IT IS ORDERED that:

1. Plaintiff Derek M. Williams may have until July 28, 2014 to submit a certified copy of his trust fund account statement for the period beginning approximately January 1, 2014 and ending approximately July 1, 2014. If, by July 28, 2014, plaintiff fails to respond to this order, I will assume that plaintiff wishes to withdraw this action voluntarily. In that event, the case will be closed without prejudice to plaintiff filing the case at a later date.

      2.      Plaintiff Derek M. Williams's request for use of his release account funds to pay the *entire* filing fee in this case (Dkt. #3) is DENIED.

Entered this 7th day of July, 2014.

BY THE COURT:

/s/
PETER OPPENEER
Magistrate Judge