IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEREK M. WILLIAMS,

                Plaintiff,

    v.                                           OPINION and ORDER

DR. SCHMIDT, DR. BREEN,                              14-cv-487-jdp
TODD HAMILTON, and DR. OLBINSKI,

                Defendants.

---

Plaintiff Derek Williams alleges that defendants Steven Schmidt, Martha Breen, and Katie Olbinski, psychologists at Green Bay Correctional Institution, acted with deliberate indifference to Williams's mental health needs by refusing to assign him to a male psychologist and persisting with treatment that they knew was ineffective. Trial is scheduled for August 26, 2019. Before the court are the parties' motions in limine.

Williams filed two motions. First, he seeks to exclude evidence of his criminal history and prison disciplinary history as irrelevant to the issues remaining in this case and unduly prejudicial. Dkt. 121. Second, he seeks to exclude references to the claims that were dismissed from this case at earlier stages. Dkt. 122. Williams's arguments are persuasive, and defendants do not oppose the motions, so I will grant both motions.

Williams also filed an objection to defendants' identification of Dr. Anna Salter as an expert witness. Dkt. 130. Salter is a consulting psychologist who interviewed Williams in November and December 2012. Williams argues that defendants failed to disclose Salter as an expert and failed to timely provide an expert report. But defendants disclosed Salter in their expert disclosures on April 3, 2017. Dkt. 70. Defendants' disclosures state that Salter will testify about her April 30, 2013 report, that the report is contained in Williams's psychological

services file, and that the report was submitted in support of defendants' motion for summary judgment. *Id.* at 4–5. I conclude that defendants' disclosure is adequate. Williams has had access to Salter's report for more than two years and since before defendants' deadlines for expert disclosures. Williams has not shown that he was prejudiced by defendants' failure to send another copy of Salter's report with their expert disclosures.

Defendants filed an omnibus motion in limine, seeking to exclude evidence and argument regarding (1) Williams's mental health care claims against Todd Hamilton; (2) Williams's mental health care claims against defendant Steven Schmidt dating post-June 2012; and (3) all Williams's conditions of confinement claims. Dkt. 114. Defendants argue that the only question remaining for trial is whether defendants Schmidt, Breen, and Olbinski were deliberately indifferent to Williams's mental health care needs between August 2009 and June 5, 2012. Williams opposes the motion, arguing that that he should not be restricted from introducing evidence about his mental health treatment before or after 2009 that is relevant to his claims.

I will grant defendants' motion in part and deny it in part. Williams may introduce evidence regarding his mental health and the treatment he has received while incarcerated, including evidence of treatment outside the relevant time period. I agree with Williams that such evidence provides relevant background information about his mental health needs and context for his claims. For example, Williams's treatment by, and relationship with, a Department of Corrections psychologist in 2003 is highly relevant to his claims in this case. But I will preclude Williams from introducing evidence or argument suggesting that he was subjected to unconstitutional conditions of confinement in observation or that he has received

inadequate mental health treatment since June 2012. Because Williams has no remaining claims against Hamilton, I will dismiss Hamilton as a defendant.

## ORDER

IT IS ORDERED that:

1. Plaintiff Derek Williams's motions in limine, Dkt. 121 and Dkt. 122, are GRANTED.

2. Defendants' motion in limine, Dkt. 114, is GRANTED IN PART and DENIED IN PART, as set forth above.

3. Plaintiff's objection to Dr. Anna Salter's expert testimony, Dkt. 130, is OVERRULED.

4. Todd Hamilton is DISMISSED as a defendant from this case.

Entered August 5, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge