IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEREK M. WILLIAMS,

              Plaintiff,

   v.

DR. SCHMIDT, DR. BREEN,
TODD HAMILTON, and DR. OLBINSKI,

              Defendants.

OPINION and ORDER

14-cv-487-jdp

---

Plaintiff Derek Williams alleged that defendants Steven Schmidt, Martha Breen, and Katie Olbinski, psychologists at Green Bay Correctional Institution, acted with deliberate indifference to Williams's mental health needs by refusing to assign him to a male psychologist and persisting with treatment that they knew was ineffective. A three-day jury trial was held from August 26 to 28, 2019, at which Williams was represented by counsel. On August 28, a jury returned a verdict in favor of defendants. Dkt. 163. The jury concluded that none of the defendants violated Williams's rights under the Eighth Amendment.

Before the court is Williams's motion for a new trial under Rule 59 of the Federal Rules of Civil Procedure. Dkt. 169. Williams contends that the court erred by permitting defendants' expert witness Dr. Anna Salter to testify despite defendants' failure to comply with their disclosure obligations under Rule 26(a)(2). Williams also contends that he was prejudiced by Salter's testimony because she referred to investigative files that Williams never received during discovery and that Salter likely never reviewed.

As explained below, defendants' expert disclosures were adequate under the circumstances, and Williams has not shown that he was prejudiced by defendants' failure to disclose more information about Salter or her opinions. In addition, Williams has not shown

that defendants failed to disclose any specific investigative files during discovery or that Salter's testimony was misleading or unfair. Therefore, I will deny Williams's motion for a new trial.

OPINION

To prevail on his Rule 59 motion for a new trial, Williams must show that the jury's verdict was against the manifest weight of the evidence or that the trial was unfair to him. *See Lewis v. McLean*, 941 F.3d 886, 891 (7th Cir. 2019); *Martinez v. City of Chicago*, 900 F.3d 838, 844 (7th Cir. 2018). Williams contends that Dr. Anna Salter's testimony made the trial unfair for two reasons.

First, Williams contends that I should have excluded Salter's testimony because defendants failed to comply with the multiple mandatory disclosure requirements under Rule 26. This argument is not persuasive for the reasons I explained in the order denying Williams's motion in limine relating to Salter. Dkt. 145, at 1–2. When defendants disclosed Salter as an expert witness, they provided her name and stated that she was an independent consulting psychologist who had conducted a psychopathy evaluation of Williams in 2013. Dkt. 70. Defendants also gave a brief summary of the testimony that Salter might provide, and they stated that she would testify in accordance with the report she created in April 2013. *Id.* Salter's report was contained in Williams's psychological services file, to which Williams had access.

Defendants' disclosure was adequate under Rule 26. Although Williams argues that defendants failed to provide a written report that complied with the requirements of Rule 26(a)(2)(B), Williams does not explain why Salter's testimony would be subject to the requirements of Rule 26(a)(2)(B). That rule applies to experts who are "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee

regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). Salter was not a retained expert and was not specially employed to provide expert testimony for this case. Salter conducted an evaluation of Williams before this lawsuit was filed. She did not create an expert report for this lawsuit because defendants did not intend to elicit opinions from her about any topic that fell outside of the report she created after her 2013 evaluation. Nor is Salter an employee of defendants or someone whose duties regularly involve giving expert testimony. She testified at trial that, prior to this case, she had never given expert testimony or had any role in any lawsuit involving the Department of Corrections. Trial Tr., Aug. 28, 2019, at 13. And, even if I agreed with Williams that defendants should have provided an expert report that complied with Rule 26(a)(2)(B), Williams has not shown that he was prejudiced by defendants' failure to do so. Williams had access to Salter's opinions for more than three years before trial. If Williams wanted more information about Salter or her opinions, he could have deposed her.

Williams contends that Salter's testimony at trial went beyond the opinions she gave in her expert report. I agree. But as defendants point out, it was Williams's counsel who elicited the testimony about which Williams now complains. Defendants' direct examination of Salter was brief and focused directly on Salter's psychological examination of Williams and the conclusions in her report. Trial Tr., August 28, 2019, at 2–9. Defendants did not ask Salter about Williams's diagnoses, care, or treatment. On cross-examination, Williams's counsel asked Salter a broad range of questions, including whether she blamed Williams for the suicide of a prison psychologist, *Id.* at 13, 22, whether Williams's grief over the psychologist's death was sincere, *Id.* at 16, whether Williams was manipulative, *Id.* at 19, 21, and whether Williams's request to see a male psychologist was reasonable, *Id.* at 21. Williams's counsel did not move to strike any of Salter's testimony in response to these questions as falling outside

3

the scope of her expert report, including Salter's testimony implying that Williams had seduced and taken advantage of the prison psychologist who later committed suicide. Williams may have prevented this damaging testimony by limiting cross-examination or deposing Salter before trial, but additional disclosure under Rule 26 would not have made a significant difference. *See Gicla v. United States*, 572 F.3d 407, 410–11 (7th Cir. 2009) (expert testimony need not be excluded if failure to satisfy requirements under Rule 26(a)(2) are "substantially justified or is harmless").

Williams's second argument is that he was prejudiced by Salter's testimony that she reviewed investigative files concerning Williams's relationship with a prison psychologist. Williams says that he has never seen any investigative files concerning the relationship and that he did not know that such files existed. Williams argues that Salter's testimony was misleading and unfair because she either testified about files that defendants failed to produce to Williams, or she testified about files that she never actually reviewed.

But Williams has not shown that defendants failed to produce any files that still exist and to which they had access. Nor has Williams shown that he was surprised or unfairly prejudiced by Salter's testimony about investigative records. Salter stated in her 2013 report that she reviewed files regarding Williams's relationship with the psychologist, including correspondence between Williams and the psychologist. Dkt. 170 at 4. Her testimony at trial regarding the records was not significantly different from what was in her report. Trial Tr., August 28, 2019, at 11–16, 19–20, 30. She testified at trial that she read all of Williams's records that were available through the Department of Corrections, including psychological service records, but that she could not remember the specific records that she reviewed. She also testified that she reviewed records that discussed Williams's relationship with the prison

psychologist, and that the records supported her finding that Williams is a psychopath. *Id.* at 16, 21. This testimony reiterates what is in Salter's report. If Williams had wanted to know before trial whether the records referenced in Salter's report still existed and what those records contained, he could have asked defendants about those files during discovery. He could have deposed Salter to ask her about the files she reviewed. But Williams is not entitled to a new trial based on speculation that defendants withheld files relating to Williams's relationship with the prison psychologist. And although the testimony was damaging to Williams, it was not surprising, misleading, or unfair. Therefore, Williams has failed to show that he is entitled to a new trial.

ORDER

IT IS ORDERED that plaintiff Derek Williams's motion for a new trial, Dkt. 169, is DENIED.

Entered December 16, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge